UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JONATHAN CHONGTAE LEE,

Petitioner,

3:13-cv-00975-CL

v.

FINDINGS AND RECOMMENDATION

ELLEN ROSENBLUM, and SUPERINTENDENT OREGON STATE HOSPITAL,

Respondents.

Clarke, Magistrate Judge.

Petitioner is on conditional release under the jurisdiction of the Oregon Psychiatric Security Review Board (PSRB) pursuant to the final judgment upon finding of guilty except for insanity, dated April 15, 2008, after convictions for Burglary in the First Degree, Sexual Abuse in the First Degree, and Sexual Abuse in the Second Degree. Exhibit 101.

Following a stipulated facts trial, the court ordered that petitioner be placed under the jurisdiction of the PSRB and imposed sentences of 20 years on the burglary conviction, 10 years on the Sexual Abuse in the First Degree conviction, and five years on the Sexual Abuse in the Second Degree conviction. *Id.*

Petitioner appealed his convictions, but subsequently moved to dismiss the appeal - which the Oregon Court of Appeals granted. Exhibit 104.

Petitioner field a petition for post-conviction relief, but the Marion County Circuit Court denied relief. Exhibits 129 - 131. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 132 - 136.

Petitioner filed a Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 alleging four grounds for relief, each of which alleges a claim of ineffective assistance of counsel. Petition (#1) p. 6-10.

Respondent moves to deny relief and dismiss this proceeding on the grounds that petitioner's first claim for relief was denied in a state-court judgment that reasonably applied federal law and is entitled to deference in this proceeding. Respondent further contends that petitioner's second, third and fourth grounds for relief are all

procedurally defaulted.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a

petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

In Grounds Two, Three and Four, plaintiff alleges that his trial counsel was ineffective in various respects. Petitioner raised these claims in his PCR petition, Exhibit 106, p. 3-4. However, petitioner did not pursue those claims in the appeal of the PCR judgment. In his appeal of the PCR judgment, petitioner asserted only one assignment of error - the one discussed below - that his trial counsel was ineffective for failing to suppress his statements to police. Exhibit 112. Therefore, the claims in Grounds Two, Three and

Four were not "fairly presented" to the state's highest court.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings.[1] Accordingly, petitioner's Grounds Two, Three, and Four are procedurally defaulted. Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the "fundamental fairness" exception to the exhaustion requirement. Therefore, petitioner's claims alleged in Grounds Two, Three and Four should be denied.

In his First Ground for Relief, petitioner alleges that his trial counsel was ineffective for failing to "object to the police interrogation conducted while petitioner was experiencing a psychotic episode." Petition (#1) p. 9. The PCR court rejected this claim stating: "I do not find upon my review of the evidence that a Motion to Suppress in this case would likely have been found to have merit by the trial

---

1 ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires that PCR appeals be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court be filed within 35 days from the date of the Court of Appeals' decision. *See also*, ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

court." Exhibit 129.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear

and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to

undermine confidence in the outcome. Id.

In this case, the PCR court finding that petitioner's attorney was not ineffective for failing to move to suppress petitioner's statements to the police because a motion to suppress petitioner's statements "would not have been found to have merit by the trial court" is not contrary to nor does it involve an unreasonable application of federal law, and therefore is entitled to deference by this court.

The record reflects that petitioner was advised of his *Miranda* rights, was lucid during the interrogation and answered questions appropriately. In short, there was basis upon which to suppress petitioner's statements.

In an affidavit to the PCR court, petitioner's counsel stated that he considered whether to file a motion to suppress, but declined to do so for strategic reasons. Specifically, he "saw no reasonable likelihood of success with a motion to suppress," and further his experience led him to believe that such a motion would cause the prosecutor "to stop any further plea negotiations, regardless of the ultimate success of the motion." Exhibit 127, p. 2. Trial counsel's tactical decision was reasonable and should not be second-guessed on habeas review. *See*, Premo v. Moore, 131 S.Ct. 733, 741 (2011).

Even if petitioner could demonstrate that a motion to

suppress his statements may have been allowed, he has not established that he was prejudiced by counsel's failure to make such a motion, ie., the second prong of the *Strickland* test. A defendant who accepts a plea bargain does not necessarily suffer prejudice when his counsel fails to seek to suppression of evidence - even when it would be reversible error for the court to admit that evidence. Premo, supra, 131 S.Ct. 744. To satisfy the prejudice requirement, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

Petitioner has not demonstrated that had his statements been suppressed, he would have insisted on a trial. Even without petitioner's confession, the state's case was formidable. The victim gave a detailed account of the sexual assault the day after it occurred. She had bruises consistent with her description of the assault; and there was no question as to petitioner's identity as he was the victim's former boyfriend. Thus, even if petitioner's confession could have been suppressed, his best course of action was to pursue a plea agreement - and as explained by his attorney, that course of action would likely have been foreclosed had he moved to suppress petitioner's statements.

I find that the PCR court finding as to petitioner's First Ground for relief was not an unreasonable application of *Strickland* and is entitled to deference, supported by the record and correct on the merits. Petitioner's First Ground for relief should be denied.

Based on all of the foregoing, petitioner's Petition (#1) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this action.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/////

/////

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 10 day of November, 2014.

Mark D. Clarke
United States Magistrate Judge